

JUDGE McMAHON    09 CV 10263

RECEIVED
DEC 17 2009
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

JARED EDWARDS,                                   :

                                    Plaintiff,   :        CASE NO. _____

                                                 :

            v.                                   :        **DEMAND FOR JURY TRIAL**

                                                 :

KEENEN IVORY WAYANS; SHAWN WAYANS;               :
MARLON WAYANS; WAYANS BROTHERS                   :
PRODUCTIONS; and ST. MARTIN'S PRESS, INC.,       :

                                                 :

                                    Defendants.  :

------------------------------------------------------------x

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jared Edwards ("Plaintiff" or "Mr. Edwards"), by and through his undersigned counsel, Thompson Wigdor & Gilly LLP, as and for his Complaint in this action against Defendants Keenen Ivory Wayans, Shawn Wayans, Marlon Wayans (collectively, the "Wayans Brothers"), Wayans Brothers Productions (the "Company") and St. Martin's Press, Inc. (collectively, "Defendants") hereby respectfully alleges as follows:

### NATURE OF THE CLAIMS

1.      This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, liquidated damages, punitive damages, and attorneys' fees and costs, to redress Defendants' unlawful copyright infringement of Plaintiff's literary work of original authorship, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, as well as Defendants' unfair competition and breach of contract.

2.      Defendants' conduct was intentional, knowing, malicious, willful and wanton and/or showed a reckless disregard for Mr. Edwards, warranting an award of punitive damages, and has caused, and continues to cause, Mr. Edwards to suffer substantial

economic and non-economic damages, as well as permanent harm to his professional and personal reputations.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over Plaintiff's claims arising under the Copyright Act pursuant to 28 U.S.C. § 1338(a).  The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), as Defendants and/or Defendants' agents reside and may be found in this district.

## PARTIES

5.      Plaintiff Jared Edwards is a resident of Los Angeles County, California.

6.      Upon information and belief, Defendant Keenen Ivory Wayans is a resident of Los Angeles County, California, as well as New York County, New York.

7.      Upon information and belief, Defendant Shawn Wayans is a resident of Los Angeles County, California.

8.      Upon information and belief, Defendant Marlon Wayans is a resident of Westchester County, New York.

9.      Defendant Wayans Brothers Productions is a production company and California corporation located 8730 Sunset Boulevard, Suite 290, West Hollywood, California 90069.  Upon information and belief, Defendants Keenen Ivory Wayans, Shawn Wayans and Marlon Wayans are the principals of Defendant Wayans Brothers Productions.

10.     Defendant St. Martin's Press, Inc. ("St. Martin's") is a New York Corporation and publishing house with its principle place of business located at 175 Fifth Avenue, New York, New York 10010.  Upon information and belief, St. Martin's has served, and continues

to serve, as the Wayans Brothers' and Company's agent and representative in connection with the copyright infringement, unfair competition and breach of contract alleged herein, including without limitation, the unlawful copying, distribution, marketing and sale to the public of Plaintiff's copyrighted book of original authorship.

## PROCEDURAL REQUIREMENTS

11.     Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing copyright by applying for copyright registration, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, Registration Number "TXu 1-612-358" (effective date of registration August 23, 2009).

## FACTUAL ALLEGATIONS

### I.     Mr. Edwards' Employment With the Wayans Brothers

12.     Defendants Keenen Ivory, Shawn and Marlon Wayans are well-known comedians who have directed, produced and/or starred in a number of television series and feature films, including "*In Living Color*," "*The Wayans Bros.*," "*Hollywood Shuffle*," "*Scary Movie*" and "*White Chicks.*"

13.     Mr. Edwards began working as a Production Assistant for the Wayans Brothers and their Company in or around 1995.  After nearly five years of exemplary performance in that capacity, Mr. Edwards became the Personal Assistant for Keenen Ivory, Shawn and Marlon Wayans beginning in or around 2000.

14.     Mr. Edwards' professional duties in his capacities as the Wayans Brothers' Production Assistant, and later as the Wayans Brothers' Personal Assistant, were confined to administrative responsibilities and the completion of specific tasks that the Wayans Brothers assigned to him on an *ad hoc* basis.

15.     Mr. Edwards always fulfilled the professional obligations associated with his role as the Wayans Brothers' Production and/or Personal Assistant diligently and with exemplary dedication to his employers.

16.     However, Mr. Edwards' responsibilities as the Wayans Brothers' Production and/or Personal Assistant never extended to, and did not include, the creation and/or authorship of original content for any of the Wayans Brothers' professional projects, nor was Mr. Edwards ever credited as an author of any of the materials that the Wayans Brothers published or performed during the course of his employment.

17.     Mr. Edwards never authored or created copyrightable subject matter in service of the Wayans Brothers at any time during his employment, nor did the Wayans Brothers request, require, expect or anticipate that he would do so.

18.     After nearly 10-years of dedicated service as the Wayans Brothers' Assistant, Mr. Edwards aspired to advance his own career to a new level, and hoped to become an author in his own right.

**II.    Mr. Edwards' Authorship of "_You know you're a Golddigger when..._"**

19.     Rather than simply waiting for opportunity to knock, in 2005, Mr. Edwards developed his original concept for a book, tentatively entitled "_You know you're a Golddigger when..._," an anthology of original jokes critiquing some women who may seek material wealth, status and other benefits through superficial romantic relationships.

20.     Mr. Edwards drafted the manuscript for this work independently and at his own initiative, working late into the night on his personal computer, after completing his full days' work as the Wayans Brothers' Assistant.

21.     Mr. Edwards finally completed his manuscript by early 2006.

### III.    Mr. Edwards Proposed a Collaboration with the Wayans Brothers for Publication of his Manuscript "*You know you're a Golddigger when....*"

22.    Out of the relationship of mutual trust and respect that he mistakenly believed he had developed with Keenen Ivory, Shawn and Marlon Wayans over the course of his 10-years of service as their Assistant, Mr. Edwards disclosed his manuscript to them and explained his aspiration of becoming an author.

23.    In particular, Mr. Edwards outlined his proposed vision for the final publication of his manuscript, and even offered to credit the Wayans Brothers as co-authors of his proposed publication in the hope of capturing their interest and accomplishing his goal of publishing "*You know you're a Golddigger when*…" with illustrations to accompany each of the jokes set forth in his original manuscript.

24.    Mr. Edwards was delighted by the Wayans Brothers' seemingly positive response to his proposal, and their oral commitment to pursue his vision and publish his manuscript as his "co-authors."

25.    Accordingly, Mr. Edwards began discussions with a potential graphic artist, and looked forward to receiving the Wayans Brothers' input on his manuscript and proposed publication as he continued to develop his project over the coming months.

26.    However, despite the Wayans Brothers' initial expressions of enthusiasm for the manuscript "*You know you're a Golddigger when*…," which Mr. Edwards disclosed to Keenen Ivory, Shawn and Marlon Wayans, together with his proposal for publication, months continued to pass without any apparent progress towards publication.

**IV.**   **The Resignation of Mr. Edwards' Employment**

27.    Although Mr. Edwards approached the Wayans Brothers with repeated inquiries as to the status of his manuscript, the Wayans Brothers' responses became increasingly discouraging.

28.    Indeed, by the end of 2006, the Wayans Brothers informed Mr. Edwards, without explanation, that his manuscript and proposed publication of "*You know you're a Golddigger when…*" had no prospect of actually being published, and that they had abandoned their initial interest in collaborating with Mr. Edwards altogether.

29.    After 10-years of exhausting and increasingly unrewarding work as the Wayans Brothers' Assistant, and after experiencing his hope of becoming an author rise and fall at their apparent whim, Mr. Edwards recognized that if he was to succeed as a published author, he would have no choice but to end his employment as the Wayans Brothers' Assistant and devote himself full-time to writing.

30.    Accordingly, Mr. Edwards tendered his resignation and began devoting himself fulltime to the realization of his dream of becoming a published author, and of making "*You know you're a Golddigger when…*" his first publication.

**V.**   **The Misappropriation and Infringing Publication of Mr. Edwards' Manuscript**

31.    Notwithstanding the Wayans Brothers' express repudiation of any interest in contributing to his manuscript or pursuing publication of the final work that he described to them, Mr. Edwards continued to hope that he might successfully publish and market "*You know you're a Golddigger when…*," either independently or in collaboration with other authors or figures in the entertainment industry who might recognize its value.

32.     Thus, in addition to beginning work on new projects and authorship of original creative works of artistic expression, Mr. Edwards also sought to protect his ownership interest as the sole author and creator of the manuscript of "*You know you're a Golddigger when....*"

33.     Accordingly, Mr. Edwards registered his original manuscript – to which the Wayans Brothers' made no meaningful revisions or contributions, despite their initial expressions of enthusiasm for his proposal – with the WGA Intellectual Property Registry.

34.     Mr. Edwards also registered his copyright ownership as the sole author of his manuscript with the United States Copyright Office.

35.     In light of the Wayans Brothers' representations that Mr. Edwards' vision of publishing his manuscript had no prospect of success, to say nothing of the fact that he had duly registered the manuscript as his own work of authorship, Mr. Edwards was understandably shocked to discover that the original text of "*You know you're a Golddigger when...*" and his proposed coupling of each line of text with graphic artwork – was available for sale in bookstores nationwide under the title "*101 Ways to Know You're a Golddigger,*" and that Keenen Ivory, Shawn and Marlon Wayans were credited as its purported authors, without any acknowledgment of Mr. Edwards' role as the true author.

36.     Defendants' misappropriation and infringement of Plaintiff's copyrighted manuscript, including Defendants' willful deceit of Mr. Edwards by claiming that his original manuscript had little prospect of being published – while Defendants were, in fact, actively pursuing publication of Mr. Edwards' manuscript and falsely crediting themselves as its purported "authors" – was willful and malicious.

37.     As a result of Defendants' willful and malicious infringement of Mr. Edwards' copyrighted manuscript, Mr. Edwards has lost, and will continue to lose, revenues from any potential sales of "*You know you're a Golddigger when…*", and has had the value of his copyright diminished by Defendants' misappropriation and copyright infringement.

38.     As a result of Defendants' misappropriation and infringing publication of Mr. Edwards' manuscript, Mr. Edwards has also been wrongfully deprived of the opportunity to achieve his first success as the credited author of a published work, and has thereby suffered, and continues to suffer, harm to his professional and personal reputations and loss of career fulfillment and prospective professional advancement.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Copyright Infringement)

39.     Plaintiff hereby repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

40.      Prior to July 7, 2007, Plaintiff created and wrote the text of an original book, entitled "*You know you're a Golddigger when….*"

41.     Plaintiff's book, "*You know you're a Golddigger when...,*" is comprised of original material created by Plaintiff's own skill, labor, and judgment, and is copyrightable subject matter under the laws of the United States.

42.     Plaintiff has at all times been, and still is, the sole proprietor of all right, title, and interest in and to the copyright in his book "*You know you're a Golddigger when….*"

43.     Defendants have infringed, and are infringing, Plaintiff's copyright within this judicial district and elsewhere throughout the United States, without the consent of Plaintiff, and in complete and willful disregard of Plaintiff's rights, by copying, distributing,

publishing, selling, and marketing the infringing book entitled, "*101 Ways to Know You're a Golddigger*," the text of which was copied largely verbatim from Plaintiff's copyrighted book, entitled "*You know you're a Golddigger when….*"

44.     A copy of Plaintiff's book "*You know you're a Golddigger when…*," as deposited with the Copyright Registrar, is attached to this Complaint as <u>Exhibit 1</u>.

45.      A copy of Plaintiff's Certificate of Copyright Registration, Registration Number "TXu 1-612-358," is attached to this Complaint as <u>Exhibit 2</u>.

46.     A copy of Defendants' infringing publication "*101 Ways to Know You're a Golddigger*," is attached to this Complaint as <u>Exhibit 3</u>.

47.     Plaintiff has notified Defendants that Defendants have infringed, and are infringing, the copyright of Plaintiff.  Despite receiving that notice, Defendants have continued to willfully infringe Plaintiff's copyright.

48.     Defendants' conduct set forth herein has been willful and intentional within the meaning of the Copyright Act.

49.     As a result of Defendants' willful infringement and threatened infringement of Plaintiff's copyright, Plaintiff has been, and will continue to be, harmed, damaged and injured.  In addition, Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their unlawful acts.

50.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, substantial monetary and/or economic damages, including, but not limited to, loss of goodwill, loss of present and future revenue and loss of value to his copyright for which he is entitled to damages, including punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

### (**Unfair Competition**)

51.     Plaintiff hereby repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

52.     Defendants, by their unauthorized misappropriation and misuse of Plaintiff's book "*You know you're a Golddigger when...*," have engaged, and are engaging, in acts of wrongful deception of the purchasing public, wrongful deprivation of Plaintiff's good name and reputation, and the wrongful deprivation of Plaintiff's right to public recognition and credit as author and owner of his book.

53.     Continuously, since in or around May 2009, Defendants have been publishing, selling, and otherwise marketing the book entitled "*101 Ways to Know You're a Golddigger*," and have thereby been engaged in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage, which cannot be adequately calculated or compensated in money damages.

54.     Plaintiff's action concerning Defendants' unfair competition is related to Plaintiff's "substantial" copyright infringement action since both actions are based on the same operative facts.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer, substantial monetary and/or economic damages, including, but not limited to, loss of goodwill, loss of present and future revenue and loss of value to his copyright for which he is entitled to damages.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Breach of Implied Contract)

56.     At all relevant times, Plaintiff entered into an agreement with Defendants by which, through industry custom and practice in the entertainment industry, the parties understood that any disclosure of any literary materials by Plaintiff, including the book "*You know you're a Golddigger when…*," its originality and the property interest therein, would be disclosed to Defendants for review in a confidential fashion and with the understanding that any use thereof by Defendants would be subject to notification and consent by Plaintiff and compensation for the use thereof.

57.     At all relevant times, an implied contract existed between Plaintiff and Defendants, in that, the circumstances preceding and attending disclosure of the book "*You know you're a Golddigger when…*," together with the conduct of Defendants, acting with knowledge of the circumstances, show a clear promise to pay and/or compensate Plaintiff for use and or exploitation of Plaintiff's book.

58.     As a result of Defendants' breach of implied contract between the parties and Defendants' misuse of Plaintiff's book, it originality and the property interest therein, for profit and increased goodwill, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to damages.

### PRAYER FOR RELIEF

59.     There is a substantial likelihood that the Plaintiff will succeed on the merits of this action.

WHEREFORE, Plaintiff respectfully requests that an award be issued in his favor containing the following relief:

11

A.     An order enjoining Defendants, their agents, and servants, during the pendency of this action, and permanently, from directly or indirectly infringing Plaintiff's aforementioned copyright in his book, "*You know you're a Golddigger when…*," in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of the infringing book "*101 Ways to Know You're a Golddigger*;"

B.     An award of actual damages in an amount to be determined at trial, plus prejudgment interest, for all monetary and/or economic damages Plaintiff suffered as a result of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition;

C.     An order requiring Defendants to account for:

    i.     All gains, profits, and advantages derived by Defendants as a result of their unfair trade practices and unfair competition; and

    ii.     All gains, profits, and advantages derived by Defendants through their infringement of Plaintiff's copyright, or such damages as the Court deems proper within the provisions of the copyright statutes;

D.     An Order requiring Defendants to deliver to be impounded during the pendency of this action all copies of the book entitled "*101 Ways to Know You're a Golddigger*" in Defendants' possession, custody and/or control, and to deliver up for destruction all infringing copies, and all plates, molds and other matter for making such infringing copies;

E.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial;

F.     An award of punitive damages;

G.      An award of costs and expenses, as well as reasonable attorneys' fees, that

Plaintiff incurred in this action to the fullest extent permitted by law;

H.      Pre-judgment interest on all amounts due; and

I.      Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated

herein.

Dated: December 17, 2009                    Respectfully submitted,
       New York, New York

                                            **THOMPSON WIGDOR & GILLY LLP**


By: _____
        Kenneth P. Thompson


                                            85 Fifth Avenue
                                            New York, NY 10003
                                            Telephone: (212) 239-9292
                                            Facsimile: (212) 239-9001
                                            Email: kthompson@twglaw.com

                                            *COUNSEL FOR PLAINTIFF JARED EDWARDS*