UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JARED EDWARDS,                                              :
                                                            :
                    Plaintiff,                           :        No. 09 Civ. 10263 (CM)
                                                            :
              - against -                                 :        **ANSWER**
                                                            :
KEENAN IVORY WAYANS, SHAWN                                  :
WAYANS, MARLON WAYANS, WAYANS                               :
BROTHERS PRODUCTIONS, and ST.                               :        **JURY DEMANDED**
MARTIN'S PRESS, INC.,                                       :
                                                            :
                    Defendants.                         :
                                                            :
------------------------------------------------------------x

       Defendant St. Martin's Press, Inc., now known as SMP (1952), Inc., ("Defendant SMP") appearing by its attorneys Law Offices of Lawrence E. Fabian answering the Complaint of Plaintiff states as follows:

       1.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to the defendants other than Defendant SMP and denies each and every allegation as it pertains to Defendant SMP as set forth in paragraph 1 of the Complaint.

       2.       Denies each and every allegation set forth in paragraph 2 of the Complaint as to Defendant SMP.

       3.       Paragraphs 3-4 of the Complaint are legal conclusions that do not require a response.

       4.       Defendant SMP is informed and believes that the allegation in paragraph 5 of the Complaint is true and on that basis admits.

       5.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 6-9 of the Complaint, except states Defendant SMP is

informed and believes that Keenan, Shawn and Marion Wayans are residents of Los Angeles County, California.

6. Denies each and every allegation set forth in paragraph 10 of the Complaint except admits that St. Martin's Press, Inc., now known as SMP (1952), Inc., is a New York corporation with its principal place of business located at 175 Fifth Avenue, New York, New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

8. In answer to the allegations of paragraph 12 of the Complaint, Defendant SMP admits that Defendants Keenan Ivory Wayans, Shawn Wayans and Marlon Wayans are well-known comedians.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 13-35 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to the defendants other than Defendant SMP and denies each and every allegation as it pertains to Defendant SMP as set forth in paragraphs 36-38 of the Complaint.

11. Incorporates in response to paragraph 39 of the Complaint, each and every response to the allegations incorporated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40-42 of the Complaint.

13. Denies each and every allegation set forth in paragraph 43 of the Complaint as to Defendant SMP, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than Defendant SMP.

Case 2:10-cv-02231-R -RC   Document 18   Filed 02/11/10   Page 3 of 5   Page ID #:57

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 44-46 of the Complaint.

15. Denies each and every allegation set forth in paragraphs 47-49 of the Complaint as to Defendant SMP, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than Defendant SMP.

16. Denies each and every allegation set forth in paragraph 50 of the Complaint as to Defendant SMP's conduct, and denies knowledge or information sufficient to form a belief as to the truth of all other allegations.

17. Incorporates in response to paragraph 51 of the Complaint, each and every response to the allegations incorporated therein.

18. Denies each and every allegation set forth in paragraphs 52-58 of the Complaint as to Defendant SMP, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than Defendant SMP.

19. Denies each and every allegation set forth in paragraph 59 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

20. Plaintiff's complaint and each of the three (3) claims must be dismissed for failure to state a claim.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

21. Plaintiff's purported claims for relief are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

22. Plaintiff was an employee of an entity other than Defendant SMP, and the purported work, if done, was done as a "work made for hire."

3

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of *laches*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's copyright registration is invalid and his work is not the proper subject of United States copyright protection.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff's complaint must be dismissed by reason of Plaintiff's "unclean hands."

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims for relief are barred in whole or in part by the doctrine of waiver.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of estoppel.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

28. Defendant SMP's alleged actions, to the extent true, constitute fair competition in business.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. Plaintiff's complaint is barred by reason of failure to establish a right to have and/or register a copyright.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's complaint must be dismissed on the grounds of improper venue.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

31. Any and all acts alleged to have been committed by Defendant SMP, if performed, were performed with lack of knowledge and/or willful intent.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

32. Upon information and belief, Plaintiff's purported claims for relief fail in whole or in part because Plaintiff's alleged copyright registration was fraudulently obtained.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

33. Defendant SMP reserves the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and Defendant SMP further reserves the right to amend this Answer for that purpose.

## AS AND FOR A FIRST COUNTERCLAIM

34. By reason of the foregoing and pursuant to applicable law, Defendant SMP is entitled to its reasonable attorneys' fees and costs.

WHEREFORE, Defendant SMP demands judgment dismissing the Complaint, awarding judgment on the First Counterclaim for reasonable attorneys' fees, costs and the disbursements of this action, together with such other and further relief as to this court seems just and proper.

Dated: New York, New York
February 11, 2010

LAW OFFICES OF LAWRENCE E. FABIAN

By:_____
Lawrence E. Fabian (6251)
Stephanie Seto (5410)
*Attorneys for Defendant SMP*
250 West 57th Street, Suite 1720
New York, NY 10107
(212) 644-8096

TO: Kenneth P. Thompson, Esq.
Ariel Y. Graff, Esq.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003