1  Jesse A. Kaplan (SBN 255059)
      jkaplan@ftllp.com
2  September Rea (SBN 261121)
      srea@ftllp.com
3  FREEDMAN & TAITELMAN, LLP
   1901 Avenue of the Stars, Suite 500
4  Los Angeles, CA  90067
   Telephone: (310) 201-0005
5  Facsimile:  (310) 201-0045

6  Attorneys for Defendants Keenen Ivory Wayans, Shawn Wayans,
   Marlon Wayans, Wayans Bros. Productions and St. Martin's Press, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED EDWARDS,<br><br>    Plaintiff<br><br>vs.<br><br>KEENEN IVORY WAYANS, SHAWN WAYANS, MARLON WAYANS, WAYANS BROS. PRODUCTIONS, AND ST. MARTIN'S PRESS, LLC,<br><br>    Defendants. | CASE NO. 2:10-cv-02231 R (RCX)<br><br>[*Hon. Manuel Real, Courtroom 8*]<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE PLAINTIFF'S RECOVERY OF PROFITS FROM ST. MARTIN'S PRESS, LLC**<br><br>Date:     July 12, 2011<br>Time:     9:00a.m.<br>Courtroom:   8<br><br>[Declaration of Jesse Kaplan filed concurrently herewith] |

-1-
DEFENDANTS' MOTION OF LIMINE NO. 2

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant St. Martin's Press, LLC ("St. Martin's") will move this honorable Court on July 12, 2011 at 9:00 a.m., at the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Courtroom 8, before the Honorable Manuel L. Real, for an Order precluding plaintiff Jared Edwards ("Plaintiff") from recovering profits from St. Martin's pursuant to 17 U.S.C. § 504(b).

Specifically, Plaintiff concedes that St. Martin's grossed approximately $5,400, incurred at least $166,000 in deductible expenses and took a significant loss on the allegedly infringing book at issue. Accordingly, Plaintiff cannot possibly recover any profits from St. Martin's. Requiring the parties to present this evidence, plus evidence of St. Martin's other deductible expenses would constitute a considerable waste of time in contravention of F.R.E., Rule 403.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 15, 17 and 20 2011.

Dated: June 22, 2011                    FREEDMAN & TAITELMAN, LLP

                                        By:    /s/
                                               Jesse Kaplan, Esq.
                                               September Rea, Esq.
                                        Attorneys for Defendants Keenen Ivory
                                        Wayans, Shawn Wayans, Marlon Wayans,
                                        Wayans Bros. Productions, and St.
                                        Martin's Press, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Plaintiff Jared Edwards does not dispute that the allegedly infringing book, *101 Ways to Know You're a Golddigger* ("*Golddigger*") was extremely unprofitable to defendant St. Martin's Press, LLC ("St. Martin's"). Plaintiff concedes that *Golddigger* grossed approximately $5,400. Likewise, Plaintiff certainly does not dispute that the advance of at least $166,000 that defendant St. Martin's paid exceeded the book's $5,400 in gross revenues.

Despite Plaintiff's apparent concession that St. Martin's did not realize any net profits, Plaintiff in inexplicably unwilling to place any limitations on his potential remedies. Requiring the parties, however, to go through the academic exercise of presenting evidence of St. Martin's gross revenue, plus evidence of St. Martin's other deductible expenses, would constitute a considerable waste of time in contravention of F.R.E., Rule 403, especially given the fact that Plaintiff apparently agrees that *Golddigger* was not profitable.

## II. Factual Background.

### A. The Publishing Agreement

On October 5, 2005, the Wayans defendants (the "Wayans") entered into an agreement (the "Publishing Agreement") with St. Martin's as publisher whereby the Wayans granted St. Martin's the exclusive right to print, publish, distribute and sell three separate "101 Ways to Know" joke books (collectively, the "101 Ways Joke Books ") that the parties contemplated the Wayans would create at some point in the future (Declaration of Jesse Kaplan ('Kaplan Decl."), ¶ 3, Ex. 1). Pursuant to the Publishing Agreement, St. Martin's agreed to pay the Wayans an aggregate advance of $500,000 against earnings (the "Advance") on the three 101 Ways Joke

Books (Kaplan Decl., Ex. 1). As a result, it is undisputed that St. Martin's paid $166,000 to the Wayans for each of the three 101 Ways Joke Books.[1]

### B. The *Golddigger* Book.

Subsequently, St. Martin's published *101 Ways to Know You're a Golddigger* ("*Golddigger*"), one of the three books in the 101 Ways series. *Golddigger*, however, was a commercial failure, and St. Martin's only grossed approximately $5,400 (Kaplan Decl., ¶ 4, Ex. 2). Plaintiff does not dispute that fact (Kaplan Decl., ¶¶ 9-10, Ex. 5).

Even if Plaintiff was to ignore the various deductible expenses incurred by St. Martin's such as publishing costs and promotional costs, and focused only on the $166,000 advance that St. Martin's paid the Wayans, St. Martin's clearly took a six-figure loss on *Golddigger*. Simply put, St. Martin's did not realize any net profits from *Golddigger*.

### C. Plaintiff's Copyright Infringement Claim Based on *Golddigger*.

Plaintiff, a former Wayans employee, claims that he owns the copyright in certain jokes he wrote for the Wayans. Plaintiff claims that the Wayans used his jokes in *Golddigger*. As a result, Plaintiff asserts that *Golddigger* infringes upon Plaintiff's alleged copyright.

Despite St. Martin's conspicuous losses, Plaintiff is still insistent on attempting to recover St. Martin's phantom profits pursuant to 17 U.S.C. § 504(b). Moreover, as part of his case in chief, Plaintiff seeks to recover at least $166,000 in gross revenue from the Wayans, representing the advance that St. Martin's paid to the Wayans for *Golddigger*.

///
///
///

---

[1] As discussed in more detail in defendants' Motion *In Limine* number 1, Plaintiff is actually trying to recover the entire $500,000 advance from the Wayans.

### III. The Meet and Confer.

During the meet and confer process, Plaintiff did not dispute that *Golddigger* was unprofitable. In fact, Plaintiff agreed that *Golddigger* grossed approximately $5,000 (Kaplan Decl., ¶¶ 9-10, Ex. 5). Likewise, Plaintiff certainly did not dispute that the advance of at least $166,000 that St. Martin's paid to the Wayans eclipsed *Golddigger's* paltry gross revenues (Kaplan Decl., ¶¶ 9-10, Ex. 5). Finally, Plaintiff did not disagree that based on those figures, St. Martin's could not have realized net profits from *Golddigger* (Kaplan Decl., ¶¶ 9-10, Ex. 5).

Despite Plaintiff's apparent concession that *Golddigger* was not profitable, Plaintiff was still not willing to place any limitations on his potential remedies. Rather, Plaintiff's counsel insisted that any such limitations must come from the Court (Kaplan Decl., ¶¶ 9-10, Ex. 5).

### IV. As It Is Undisputed That *Golddigger* Was Unprofitable, Plaintiff Should Be Precluded From Recovering Profits From St. Martin's.

Assuming Plaintiff establishes that St. Martin's infringed on Plaintiff's alleged copyright, it is inconceivable that Plaintiff can recover any profits from St. Martin's given that St. Martin's only grossed approximately $5,400 from *Golddigger*, and Plaintiff concedes that St. Martin's' paid the Wayans at least $166,000.

A copyright owner may recover "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

Here, Plaintiff does not dispute that St. Martin's gross revenue equaled approximately $5,400. Moreover, while St. Martin's recognizes that it has the

1 burden of proving deductible expenses, Plaintiff concedes that St. Martin's paid the
2 Wayans at least $166,000, and possibly up to $500,000, for *Golddigger*. Based on
3 the fact that St. Martin's only grossed approximately $5,400, and the fact that it
4 was required to pay the Wayans at least $166,000, Plaintiff cannot possibly recover
5 profits from St. Martin's.
6       To allow Plaintiff to pursue this remedy against St. Martin's would
7 contradict F.R.E., Rule 403, which provides the Court with discretion to exclude
8 evidence that although relevant, creates undue delay or is a waste of time.
9 Allowing Plaintiff to go through the academic exercise of pursuing St. Martin's
10 profits, or lack thereof, clearly qualifies as such a waste of time.

12 Dated: June 22, 2011          FREEDMAN & TAITELMAN, LLP

                                       By:   ___/s/_____
                                            Bryan J. Freedman, Esq.
                                            September Rea, Esq.
                                            Attorneys for Defendants Keenen Ivory
                                            Wayans, Shawn Wayans, Marlon Wayans,
                                            Wayans Bros. Productions, and St.
                                            Martin's Press, LLC