1  KENNETH P. THOMPSON, PHV
   *Email: kthompson@thompsonwigdor.com*
2  BASIL C. SITARAS, PHV
   *Email: bsitaras@thompsonwigdor.com*
3  THOMPSON WIGDOR LLP
   85 Fifth Avenue
4  New York, New York 10003
   Phone: (212) 257-6800
5  Fax:    (212) 257-6845

6  Counsel for Plaintiff
   **JARED EDWARDS**

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 JARED EDWARDS,                    CASE NO. CV10- 2231 R (RCx)

12        Plaintiff,                 The Honorable Manuel L. Real
                                     Courtroom 8
13    v.
                                     **[PLAINTIFF'S PROPOSED] JURY**
14 KEENEN IVORY WAYANS, et al.,      **INSTRUCTIONS**

15        Defendants.

16                                   Trial Date: July 12, 2011
                                     Location: Courtroom 8
17

18

19

20

21

22

23

24

25

26

27

28

                                     1                Case No. 2:10-cv-2231 R (RCX)

1         Plaintiff Jared Edwards respectfully submits the following proposed jury

2   instructions pursuant to Fed. R. Civ. P. 51 and L.R. 51-1 and respectfully requests

3   permission to supplement or modify these proposed instructions as may be necessary

4   or appropriate after submission of all of the evidence at trial or during an appropriate

5   conference with the Court.  Plaintiff Jared Edwards asserts the following claims

6   against Defendants Keenen Ivory Wayans, Shawn Wayans, Marlon Wayans and

7   Wayans Bros. Productions ("Wayans Defendants") and St. Martin's Press, LLC

8   ("Defendant SMP") (collectively, the Defendants): (1) Copyright infringement in

9   violation of the Copyright Act, 17 U.S.C. §§ 101 et seq., and (2) Breach of implied

10  contract under California law.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

**Plaintiff's Proposed Jury Instruction No. 1 – Elements of Copyright Infringement in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.**

Plaintiff alleges that Defendants have infringed, and are infringing, Plaintiff's copyright within this judicial district and elsewhere throughout the United States, without the consent of Plaintiff, and in complete and willful disregard of Plaintiff's rights, by copying, distributing, publishing, selling, and marketing the infringing book entitled, *"101 Ways to Know You're a Golddigger,"* the text of which was copied largely verbatim from Plaintiff's copyrighted book, entitled *"You know you're a Golddigger when...."*

To prevail on this claim, Mr. Edwards must prove the following elements by a preponderance of the evidence:

(1) Plaintiff is the owner of a valid copyright of the work *"You know you're a Golddigger when...,"* and

(2) Defendants copied original elements from the copyrighted work *"You know you're a Golddigger when...."*

If you find that Plaintiff has proved these two elements by a preponderance of the evidence, your verdict must be for Plaintiff.

Concerning the first element, you are instructed that a certificate of copyright registration from the United States Copyright Office establishes that Plaintiff is the owner of a valid copyright in *"You know you're a Golddigger when...."*

Concerning the second element, "copying" means literal copying and even the copying of a small portion of Plaintiff's work is sufficient. Plaintiff may show Defendants copied from Plaintiff's work by showing that Defendants had "access" to Plaintiffs work and that the works are substantially similar. You may find that Defendant had "access" to Plaintiff's work if Defendants had a reasonable opportunity to view, read, or copy Plaintiff's work before Defendants' work was created.

_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN

_____

Honorable Manuel L. Real

District Court Judge

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

## **L.R. 51-4 Citation of Authority for Proposed Jury Instruction No. 1**

Under the Copyright Act, the party charging infringement must show ownership. See Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003) ("Ownership of the copyright is ... always a threshold question.") (quoting Topolos v. Caldeway, 698 F.3d 991, 994 (9th Cir. 1983)). The certificate constitutes prima facie evidence of the validity of the copyright and facts stated in the certificate. Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144–45 (9th Cir. 2003). Literal copying of even a small portion of a copyrighted work is infringing. See Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 569 (1985) (300 words is sufficient); Educational Testing Services v. Katzman, 793 F.2d 533, 542 (3d Cir. 1986) (handful of test questions out of thousands). Proof of access requires "an opportunity to view or to copy plaintiff's work." See Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977); Kamar Int'l, Inc. v. Russ Berrie & Co., 657 F.2d 1059 (9th Cir. 1981) (access and reasonable opportunity). Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000) (in the absence of any proof of access, "a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'") (citing Smith v. Jackson, 84 F.3d 1213, 1220 (9th Cir. 1996) and Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1992) (access may be inferred from "striking similarity"), cert. denied, 484 U.S. 954 (1987); Selle v. Gibb, 741 F.2d 896, 903 (7th Cir. 1984) (a striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created).

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

## **Plaintiff's Proposed Jury Instruction No. 2 – Substantial Similarity for Proving Copying**

If you find that the Defendants had access to the Plaintiff's work, then you must also consider whether there is substantial similarity between the overall appearance of the Plaintiff's and Defendants' works. The Plaintiff must prove by a preponderance of the evidence that an ordinary observer would find the Defendants' work and the Plaintiff's work to be substantially similar. There is no exact yardstick for measuring when two works are substantially similar for proving copying. Nevertheless, here are some guidelines that should help you: Substantial similarity for proving copying can be shown where an ordinary observer observing the two works would conclude that the likeness between them is great enough to give rise to an inference that the Defendants copied from the Plaintiff's work. If you determine that an ordinary reasonable person would find substantial similarity for proving copying and you determine that Defendants had access to Plaintiff's work, then you may conclude that some amount of copying of the Plaintiff's work took place.

_____    GIVEN

_____    GIVEN AS MODIFIED

_____    REFUSED

_____    WITHDRAWN


_____

Honorable Manuel L. Real

District Court Judge

Case No. 2:10-cv-2231 R (RCX)

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

1

## **L.R. 51-4 Citation of Authority for Proposed Jury Instruction No. 2**

2

3

4

5

6

7

8

<u>Stillman v. Leo Burnett Co.</u>, 720 F. Supp. 1353, 1357 (N.D. Ill. 1989); <u>Wallace Computer Services, Inc. v. Adams Business Forms, Inc.</u>, 837 F. Supp.1413, 1416 (N.D. Ill. 1993) ("If two works are substantially similar in this sense, the likeness between them is great enough to give rise to an inference that the defendant took ideas from the plaintiff's work."); <u>William L. Dawson v. Hinshaw Music Inc.</u>, 905 F.2d 731, 733 (4[th] Cir. 1990) (regarding the "ordinary observer" test); <u>Runstadler Studios, Inc. v. MCM Ltd. Partnership</u>, 768 F. Supp. 1292, 1298-99 (N.D. Ill. 1991) (same); <u>L.D.Johnson v. Automotive Ventures, Inc.</u>, 890 F. Supp. 507, 512-13 (W.D. Va 1995) (regarding the difference between the determination of copying--i.e., access and substantial similarity -- and improper appropriation).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Proposed Jury Instruction No. 3 – Calculating Defendants' Profits.**

In this case, the only damages that the Plaintiff is seeking to recover under his copyright claim are any profits of the Wayans Defendants attributable to the infringement. Profits are determined by deducting all expenses from gross revenue. Gross revenue is the amount the Wayans Defendants received for the work in question.  Expenses which might be considered are operating, overhead, and production costs incurred by the Defendants in producing the gross revenue. Mathematical exactness is not required to apportion profits between those attributable to infringement of copyright and those attributed to other factors. If you cannot decide with certainty the amount of the Wayans Defendants' profits from the work that are attributable to factors other than infringement, you should make a reasonable approximation of that amount. The Plaintiff has the burden of proving the Wayans Defendants' gross revenues by a preponderance of the evidence. The Wayans Defendants' have the burden of proving by a preponderance of the evidence their expenses and any portion of the profits that are attributable to factors other than infringement of the Plaintiff's copyright.

_____          GIVEN

_____          GIVEN AS MODIFIED

_____          REFUSED

_____          WITHDRAWN

_____

Honorable Manuel L. Real

District Court Judge

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

## **L.R. 51-4 Citation of Authority for Proposed Jury Instruction No. 3**

Ninth Cir. Model Jury Instr. 17.5.3 (1997) (modified); <u>Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.</u>, 772 F.2d 505 (9th Cir. 1985); <u>Sygma Photo News, Inc. v. High Society Magazine, Inc.</u>, 778 F.2d 89 (2d Cir. 1985); <u>Cream Records, Inc. v. Jos. Schlitz Brewing Co.</u>, 754 F.2d 826, 828-29 (9th Cir. 1985) ("where it is clear, as it is in this case, that not all of the profits are attributable to the infringing material, the copyright owner is not entitled to recover all of those profits merely because the infringer fails to establish with certainty the portion attributable to the non-infringing elements" and the trier of fact should make a "reasonable approximation" of the portion of profits attributable to the infringement); 17 U.S.C. § 504(b).

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

**<u>Proposed Jury Instruction No. 4 - Breach of implied contract under California law.</u>**

Plaintiff alleges that the Wayans Defendants have breached an implied-in-fact contract by failing to compensate Plaintiff for the reasonable value of his book, *"You know you're a Golddigger When..."*

To prevail on this claim, Plaintiff must prove the following elements by a preponderance of the evidence:

    (1) Plaintiff wrote the book *"You know you're a Golddigger when...;"*

    (2) Plaintiff disclosed the book to Defendants for sale;

    (3) Plaintiff disclosed the book to Defendants under circumstances from which it could be concluded that Defendants voluntarily accepted the disclosure knowing the conditions on which it was tendered; and

    (4) Defendants breached this implied-in-fact contract with Plaintiff.

If you find that Plaintiff has proved these four elements by a preponderance of the evidence, your verdict must be for Plaintiff.

Concerning the first element, you need only find that Plaintiff wrote the book, *"You know you're a Golddigger when....."*

Concerning the second and third elements, you must find that Plaintiff offered the book to Defendants for sale and under circumstances showing that Defendants knowingly accepted *"You Know You're a Golddigger When..."* under the conditions upon which it was offered. In other words, Defendants had the opportunity to reject Mr. Edwards' submission of *"You Know You're a Golddigger When..."* if the conditions were unacceptable to them.

After you have found that the first three elements have been met, in order to establish the fourth element, you must simply find that Defendants breached the implied-in-fact contract by failing to provide Mr. Edwards with the reasonable value of his disclosure and/or work.

1   _____    GIVEN

2   _____    GIVEN AS MODIFIED

3   _____    REFUSED

4   _____    WITHDRAWN

_____

Honorable Manuel L. Real

District Court Judge

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

## **L.R. 51-4 Citation of Authority for Proposed Jury Instruction No. 4**

Grosso v. Miramax Film Corp., 383 F.3d 965, 967 (9th Cir. 2004); Faris v. Enberg, 158 Cal.Rptr. 704, 709 (1979).

**Proposed Jury Instruction No. 5 – Damages on Breach of Implied Contract**

If you find that the Defendants breached an implied contract with Plaintiff and if you find that none of the Defendants' affirmative defenses apply, then you must determine Plaintiff's damages. Plaintiff has the burden of proving damages – namely, the reasonable value of his disclosure and/or work of *"You Know You're a Golddigger When…"* – by a preponderance of the evidence.  You should not interpret the fact that I have given you instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win on his claims for breach of implied contract.  It is your task first to decide whether the Defendants are liable for breach of an implied contract. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable for breach of an implied contract.

Case No. 2:10-cv-2231 R (RCX)

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

1

## **L.R. 51-4 Citation of Authority for Proposed Jury Instruction No. 5**

2

Ninth Cir. Model Jury Instr. 17.5.1 (1997) (modified); Fifth Cir. Pattern Jury Instr.

3

15.1 (Civil 1998) (modified).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

1  SUBMITTED BY:

2  Dated: July 5, 2011                    THOMPSON WIGDOR LLP

3

4                                         By: _____/s/_____
                                          Kenneth P. Thompson, Esq.
5                                         Basil C. Sitaras, Esq.
                                          Attorneys for Plaintiff Jared Edwards
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS