Jesse A. Kaplan (SBN 255059)
    jkaplan@ftllp.com
September Rea (SBN 261121)
    srea@ftllp.com
FREEDMAN & TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendants Keenen Ivory Wayans,
Shawn Wayans, Marlon Wayans,
Wayans Bros. Productions, and
St. Martin's Press, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED EDWARDS,<br><br>                    Plaintiff<br><br>vs.<br><br>KEENEN IVORY WAYANS,<br>SHAWN WAYANS, MARLON<br>WAYANS, WAYANS BROTHERS<br>PRODUCTIONS, AND ST.<br>MARTIN'S PRESS, INC.,<br><br>                    Defendants. | CASE NO. 2:10-cv-02231 R (RCX)<br><br>[*Honorable Manuel Real,*<br>*Courtroom 8, USDC - Central District*]<br><br>**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**<br><br><br>Trial Date: July 12, 2011 |

1

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

Defendants' Proposed Instruction No. 1:

    Ownership Of Valid Copyright—Definition…………………………………1

        Authority…………………………………………………………….2

Defendants' Proposed Instruction No. 2:

    Authorship ...................................................................................... 3

        Authority ................................................................................ 4

Defendants' Proposed Instruction No. 3:

    Copyright Interests —Work Made For Hire Generally ...................................... 5

        Authority ................................................................................ 6

Defendants' Proposed Instructions No. 4:

    Work Made For Hire— Scope Of Employment ............................................7-8

        Authority ................................................................................ 9

Defendants' Proposed Instruction No. 5:

    Joint Authors ..............................................................................10-11

        Authority ................................................................................ 12

Defendants' Proposed Instruction No. 6:

    Affirmative Defense—Waiver Of Copyright Infringement

Based On Plaintiff's Consent ..............................................................13-14

        Authority ................................................................................ 15

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

Defendants' Alternative Proposed Instruction No. 7:

　　　Calculation Of Profits .......................................................................... 16

　　　　　Authority ...................................................................................... 17


Defendants' Proposed Special Instruction No. 8:

　　Apportionment Of The Wayans Defendants' Profits To The

Alleged Infringement ....................................................................................18-19

　　　　　Authority……………………………………………………….20


Defendants' Proposed Instruction No. 9:

　　　Breach Of Implied-In-Fact Contract—Introduction ....................................21-22

　　　　　Authority ...................................................................................... 23


Defendants' Proposed Instruction No. 10:

　　　Formation Of A Breach Of Implied-In-Fact Contract ....................................... 24

　　　　　Authority ...................................................................................... 25


Defendants' Proposed Instruction No. 11:

　　　Affirmative Defense To Breach Of Implied In Fact Contract: Waiver ........26-27

　　　　　Authority ...................................................................................... 28


Defendants' Proposed Instruction No. 12:

　　　Affirmative Defense To Breach Of Implied In Fact Contract: Statute Of

Limitations ................................................................................................. 29

　　　　　Authority ...................................................................................... 30

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

Defendants' Proposed Instruction No. 13:

Contract Damages..............................................................31

Authority .............................................................32

Defendants' Proposed Instruction No. 14:

Plaintiff May Not Recover Duplicate Contract And Tort Damages .................33

Authority .............................................................34

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1:**

**OWNERSHIP OF VALID COPYRIGHT—DEFINITION**

Plaintiff Jared Edwards ("Plaintiff") is the owner of a valid copyright in the list of jokes he has referred to as *You know You're a Golddigger when...* only if Plaintiff proves by a preponderance of the evidence that:

1.    Plaintiff's work is original; and

2.    Plaintiff is the author or creator of the work;

_____    GIVEN

_____    GIVEN AS MODIFIED

_____    REFUSED

_____    WITHDRAWN

_____
Honorable Manuel L. Real
District Court Judge

1

**Authority**: *Ninth Circuit Model Jury Instructions* Copyright No. 17.4 (17 U.S.C. § 501(a)-(b).)

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2:**

**AUTHORSHIP**

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

_____      GIVEN

_____      GIVEN AS MODIFIED

_____      REFUSED

_____      WITHDRAWN

_____
Honorable Manuel L. Real
District Court Judge

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1    **Authority**:  *Ninth Circuit Model Jury Instructions* Copyright No. 17.6:

2    COPYRIGHT INTERESTS—AUTHORSHIP  (17 U.S.C. § 201(a))

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3:**
**COPYRIGHT INTERESTS —WORK MADE FOR HIRE GENERALLY**

A work made for hire is one that is prepared by an employee in carrying out the employer's business.

The employer is considered to be the author of the work and owns the copyright.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

Honorable Manuel L. Real
District Court Judge

5

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1    **Authority**:  *Ninth Circuit Model Jury Instructions* Copyright No. 17.9: COPYRIGHT

2    INTERESTS —WORK MADE FOR HIRE (17 U.S.C. § 201(b))

6

**DEFENDANTS' PROPOSED INSTRUCTIONS NO. 4:**

**WORK MADE FOR HIRE— SCOPE OF EMPLOYMENT**

Plaintiff's alleged contribution to the jokes in *101 Ways to Know You're a Golddigger* and/or the list of jokes he has referred to as *You know You're a Golddigger when...* will be considered a work made for hire if that work was prepared within the scope of Plaintiff's employment for Keenen Ivory Wayans, Shawn Wayans, Marlon Wayans and Wayans Bros. Production (collectively, "Wayans Defendants") or one of their businesses.

Plaintiff's participation in the joke writing process is within the scope of his employment if: (a) it was of the kind of work he was employed to perform at the time; (b) it occurred substantially within an authorized time and place; and (c) it was motivated, at least in part, to serve the Wayans Defendants.

First, Plaintiff's participation in writing jokes may be within the scope of his employment if it was the kind of work he was employed to perform at that time. You do not, however, need to find that Plaintiff was employed for the specific purpose of writing or creating jokes in order for his alleged contributions to *101 Ways to Know You're a Golddigger* and/or the list of jokes he has referred to as *You know You're a Golddigger when...* to be the "kind of work" Plaintiff was employed to do. Contribution to the jokes for *101 Ways to Know You're a Golddigger and/or* the list of jokes Plaintiff has referred to as *You know You're a Golddigger when...* may have been within the scope of Plaintiff's employment with the Wayans Defendants where helping to write jokes furthered the ultimate goal or objective of the Wayans Defendants of preparing a series of joke books for potential publication and it was the type of task which it was not unlikely that an employee like Plaintiff might do at that time.

Second, work may be within the scope of Plaintiff's employment if performed substantially within an authorized time and place. Participating in the joke writing process may be within the scope of Plaintiff's employment even though Plaintiff

7

allegedly wrote some or all of those jokes outside of the office or after regular work hours.

Finally, Plaintiff's participation in writing jokes may have been within the scope of his employment if doing so was motivated, at least in part, to serve the Wayans Defendants. Significantly, it is not required that Plaintiff's only motivation was to benefit the Wayans Defendants; the motivation need only be partial. Accordingly, while the Wayans Defendants request to Plaintiff that he participate in the joke writing process would indicate that doing so was within the scope of Plaintiff's employment, such a request by the Wayans Defendants was not required. If you find that Plaintiff was motivated, at least in part, by a desire to serve the needs of the Wayans Defendants when he allegedly drafted the jokes, then Plaintiff's work may have been in the course and scope of his employment for the Wayans Defendants or their businesses. That is, there is no requirement that the Wayans Defendants assigned the task of writing jokes to the Plaintiff.

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**Authority**: 17 U.S.C. § 101; *Avtec Sys. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994) (applying three part test to determine scope of employment); *Miller v. CP Chems*., 808 F. Supp. 1238, 1243-1244 (D.S.C. 1992) (writing computer program within the scope of laboratory supervisor's employment even though he was not specifically hired as a computer programmer); *Martha Graham Sch. & Dance Found. v. Martha Graham Ctr. of Contemporary Dance, Inc.,* 380 F.3d 624, 640 (2d Cir. 2004) (stating also that "[t]here is no need for the employer to be the precipitating force behind each work created by a salaried employee, acting within the scope of her regular employment. Many talented people, whether creative artists or leaders of major corporations, are expected by their employers to produce the sort of work for which they were hired, without any need for the employer to suggest any particular project."); *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist*., 363 F.3d 177, 186 (2d Cir. 2004) (teacher's work deemed "for hire" despite being created at home); *Genzmer v. Public Health Trust of Miami-Dade County*, 219 F.Supp. 2d 1275, 1280 (S.D. Fla. 2002) (doctor developed work-for-hire computer program in his home, using his home computer, during off-duty hours) (writing computer program was within scope of employment even though doctor was hired to perform research); *McKenna v. Lee,* 318 F. Supp. 2d 296, 298 (E.D.N.C. 1984), *aff'd mem*., 53 Fed. Appx. 268 (4th Cir. 2002) (work was made "for hire" even though plaintiff created it during nonworking hours).

9

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1
2
3

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5:
## JOINT AUTHORS

4   A joint work is a work prepared by two or more authors.  Each author of a joint
5   work shares an undivided interest in the entire joint work and thus one joint author
6   cannot sue the other for copyright infringement.

7   Defendants contend that to the extent Plaintiff contributed to the text of *101*
8   *Ways to Know You're a Golddigger*, Plaintiff did so as a joint author with the Wayans
9   Defendants who contributed both text and illustrations to that book.  In order to
10  determine whether Plaintiff was a joint author, you must decide whether, at the time
11  of the creation of the work,

12   1.   both Plaintiff and the Wayans Defendants made a substantial and
13  valuable contribution to the work;

14   2.   both Plaintiff and the Wayans Defendants intended that their
15  contributions be merged into inseparable or interdependent parts of a unitary whole;
16  and

17   3.   both Plaintiff and the Wayans Defendants contributed material to the
18  joint work which could have been independently copyrighted, such as illustrations
19  and text.

20

21   In deciding whether Plaintiff and the Wayans Defendants intended their
22  contributions to be merged [in element 2, above], you may consider whether:

23   a.   Plaintiff and the Wayans Defendants exercised control over the work;

24   b.   the actions of Plaintiff and the Wayans Defendants showed that they
25  shared the intent to be co-authors when they were creating the work; and

26   c.   the audience-appeal of the work depends on the contribution of each
27  party so that the share of each party's contribution in the work's success cannot be
28  appraised.

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
Honorable Manuel L. Real
District Court Judge

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**Authority**: *Ninth Circuit Model Jury Instructions* Copyright No. 17.9 (17 U.S.C. §§ 101, 201(a))

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6:

### Affirmative Defense—Waiver of Copyright Infringement

### Based on Plaintiff's Consent

Defendants claim that Plaintiff gave up his right to sue them for copyright infringement because Plaintiff consented to the Wayans Defendants' use of his alleged jokes in *101 Ways to Know You're a Golddigger*. This is called a "waiver."

Plaintiff will have waived his right to sue the Defendants for copyright infringement if Plaintiff consented to their use of his alleged jokes in the *Golddigger* book. The question is whether Plaintiff's conduct or silence made it appear to the Wayans Defendants that Plaintiff had consented or was not objecting to the use of Plaintiff's alleged jokes in *101 Ways to Know You're a Golddigger*.

Plaintiff's consent need not have been in writing. Rather, Plaintiff could have given consent either verbally or his consent could have been implied through his conduct or even his silence.

If Plaintiff told any of the Wayans Defendants that they could use his alleged jokes in the book *101 Ways to Know You're a Golddigger*, Plaintiff consented to that use.

Likewise, if Plaintiff knew of the Wayans Defendants' intended use of his alleged jokes in the book *101 Ways to Know You're a Golddigger*, and did not object, Plaintiff consented to that use. In other words, Plaintiff would have consented to the Defendants' use of his alleged jokes if he knew of the Wayans Defendants' intended use of those jokes, but never told them that they did not have his permission to use them.

Additionally, if Plaintiff knew of the Wayans Defendants' intended use of Edward's alleged jokes in the book *101 Ways to Know You're a Golddigger*, and encouraged their use of those jokes, Plaintiff would have also consented to that use. In other words, Plaintiff would have consented to the Defendants' use of his alleged jokes if he knew of the Wayans Defendants' intended use of those jokes, and

13

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

encouraged the Wayans Defendants to continue making the book *101 Ways to Know You're a Golddigger* using his jokes.

_____     GIVEN

_____     GIVEN AS MODIFIED

_____     REFUSED

_____     WITHDRAWN

_____
Honorable Manuel L. Real
District Court Judge

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Authority:**  *Effects Associates, Inc. v. Cohen,* 908 F.2d 555, 558 (9th Cir. 1990); *Allman v. Capricorn Records*, 42 Fed. Appx. 82, 83 (9th Cir. 2002) (consent/license to use constitutes a waiver); *Field v. Google Inc.,* 412 F.Supp.2d 1106, 1116 (D.Nev 2006) ("Consent to use the copyrighted work need not be manifested verbally and may be inferred based on silence where the copyright holder knows of the use and encourages it. …[C]onsent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license.").

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7:
## CALCULATION OF PROFITS

Plaintiff has elected to recover profits, if any, attributable to the alleged infringement of the copyrighted work from the Wayans Defendants.

First, Plaintiff must prove by a preponderance of the evidence that the Wayans' Defendants received gross revenues (compensation) from the use or sale of Plaintiff's alleged copyrighted work. You may make an award of profits only if you find that Plaintiff has shown a causal relationship between the alleged infringement and the gross revenues received by the Wayans Defendants.

Second, to calculate the Wayans Defendants' profits, you will subtract the Wayans Defendants' expenses related to *101 Ways to Know You're a Golddigger* from Wayans Defendants' gross revenues. Expenses include, but are not limited to, any operating costs of the Wayans' Defendants, such as any commissions paid for agents, managers or legal counsel, overhead costs, such as salaries for employees, illustrators and artists, and production costs incurred in producing *101 Ways to Know You're a Golddigger*. The Wayans Defendants have the burden of proving their expenses by a preponderance of the evidence.


_____     GIVEN

_____     GIVEN AS MODIFIED

_____     REFUSED

_____     WITHDRAWN


_____
Honorable Manuel L. Real
District Court Judge

16

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Authority**: *Ninth Circuit Model Jury Instructions* Copyright No. 17.24: COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS (17 U.S.C. § 504(b)); *See Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828 (9th Cir. 1985).

17

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**DEFENDANTS' PROPOSED SPECIAL INSTRUCTION NO. 8:**

**APPORTIONMENT OF THE**

**WAYANS DEFENDANTS' PROFITS TO THE ALLEGED INFRINGEMENT**

If Plaintiff establishes copyright infringement, he is only entitled to recover portions of the Wayans Defendants' profits from the book *101 Ways to Know You're a Golddigger* (the "*Golddigger* book") attributable to the infringement of Edward's alleged jokes. Plaintiff is not entitled to any portion of the Wayans Defendants' profits attributable to factors other than Edward's alleged jokes.

The Wayans Defendants have the burden of proving by a preponderance of the evidence that their profits from the *Golddigger* book are completely or partially attributable to elements other than Edward's alleged jokes. The Wayans Defendants can do so in two separate ways:

First, the Wayans Defendants may demonstrate that the publisher would have purchased the rights to the *Golddigger* book and paid them an advance even without Edward's alleged jokes. In that situation, Plaintiff would be precluded from recovering any portion of the Wayans Defendants' profits from the *Golddigger* book.

Second, the Wayans Defendants can also try to demonstrate the existence and amount of their profits that are not the consequence of the alleged infringement alone, but are also the result of other elements which either added value to the *Golddigger* book or have independent promotional value to the publisher or the *Golddigger* book.

By way of example only, in determining whether the advance that the Wayans Defendants received for the *Golddigger* book was attributable to elements other than Edward's alleged jokes, you may consider other elements such as the alleged popularity, talent and "drawing power" of the Wayans Defendants and their alleged ability to command higher advances. By way of example only, you may also consider factors such as other creative elements that were to be included in the *Golddigger* book and the alleged artistry of others involved in the creation of the *Golddigger* book.

18

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

In proving apportionment of profits, precision, certainty and mathematical exactness is not required. Rather, only a "reasonable and just apportionment" is required. In other words, you will only be required to make a "reasonable approximation" of the amount of the portion of the Wayans Defendants' profits attributable to Edward's alleged jokes, if any, and not other factors contributing to their receipt of profits in the form of an advance from the publisher. Accordingly, you will be required to make such an approximation even if the Wayans Defendants do not establish with certainty the portion of their advance attributable to the non-infringing elements.

If you determine that the Wayans Brother's profits from the *Golddigger* book were attributable to factors other than Edward's alleged jokes, you must only award Plaintiff the portion or percentage of those profits not attributable to those other factors.


_____    GIVEN

_____    GIVEN AS MODIFIED

_____    REFUSED

_____    WITHDRAWN


_____
Honorable Manuel L. Real
District Court Judge

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Authority**:  17 U.S.C. § 504(b); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 405, 60 S. Ct. 681, 687, 84 L. Ed. 825 (1940); *Abend v. MCA, Inc.*, 863 F.2d 1465, 1480 (9th Cir. 1988); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 518 (9th Cir. 1985); *Cream Records*, 754 F.2d. at 828-29; *Sheldon*, 309 U.S. at 408; *Data Gen. Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1175 (1st Cir. 1994) (abrogated on other grounds).

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9:
## BREACH OF IMPLIED-IN-FACT CONTRACT--INTRODUCTION

Plaintiff claims that he and the Wayans Defendants entered into an implied contract for payment in exchange for the disclosure of Plaintiff's list of jokes.  In order to establish this claim, Plaintiff must prove by a preponderance of the evidence that:

1.      Plaintiff submitted his list of jokes to the Wayans Defendants and the Wayans Defendants received that list;

2.      Before Plaintiff submitted his list of jokes to the Wayans Defendants, he conditioned his disclosure of the jokes upon the Wayans Defendants' agreement to pay for the jokes which the Wayans Defendants used, if any;

3.      Before Plaintiff submitted the list of jokes, the Wayans Defendants knew, or should have known, that Plaintiff's disclosure was conditioned upon their agreement to pay Plaintiff for the jokes they used;

4.      The Wayans Defendants had the opportunity to reject Plaintiff's attempted disclosure of the jokes if they did not agree to this condition;

5.      The Wayans Defendants voluntarily accepted Plaintiff's submission of jokes on the condition that Plaintiff be paid for the jokes they used, thereby creating an implied contract; *and*

6.      Defendants breached the implied contract with Plaintiff by failing to pay Plaintiff for any of his jokes which they might use.

*///*

*///*

*///*

21

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
Honorable Manuel L. Real
District Court Judge

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1   **Authority**:  *See 1-300 CACI 300* (Breach of Contract—Introduction); *Farris v.*

2   *Enberg*, 97 Cal.App.3d 309, 318 (1979), *Aliotti v. R.Dakin & Co.*,831 F.2d 898, 902

3   (9th Cir. 1987))

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 10:

### Formation of a Breach of Implied-in-Fact Contract

In deciding whether a contract for the Wayans Defendants to pay Plaintiff for his alleged list of jokes was created, you should consider the conduct and relationship of the Plaintiff and the Wayans Defendants as well as all the circumstances of the case.

Conduct will create a contract only if the conduct of all the parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract for payment.

_____    GIVEN

_____    GIVEN AS MODIFIED

_____    REFUSED

_____    WITHDRAWN

Honorable Manuel L. Real

District Court Judge

24

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**Authority**: 1-300 CACI 305

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 11:

### Affirmative Defense to Breach of Implied in Fact Contract:

### Waiver

The Wayans Defendants claim that they did not have to pay Plaintiff for his list of jokes because Plaintiff gave up his right to have the Wayans Defendants perform this obligation. This is called a "waiver."

To succeed, the Wayans Defendants must prove both of the following:

1. That Plaintiff knew the Wayans Defendants were required to pay him for his list of jokes; and

2. That Plaintiff freely and knowingly gave up his right to have the Wayans Defendants pay him for his list of jokes.

A waiver may arise from conduct that shows that Plaintiff gave up that right. The Wayans Defendants do not need to prove that the Plaintiff verbally told them that he was giving up his right to payment for the list of jokes.  The Wayans Defendants could prove that Plaintiff's conduct or even silence constituted a waiver of his right to payment.

If the Wayans Defendants prove that Plaintiff gave up his right to be paid for his list of jokes, then the Wayans Defendants were not required to perform this obligation and there was no breach of an implied contract.

/ / /

/ / /

/ / /

/ / /

/ / /

26

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1  _____  GIVEN

2  _____  GIVEN AS MODIFIED

3  _____  REFUSED

4  _____  WITHDRAWN

5

6
                                    Honorable Manuel L. Real

7
                                    District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**Authority:**  *1-300 CACI 336.*

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12:**

2

**Affirmative Defense to Breach of Implied in Fact Contract:**

3

**Statute of Limitations**

4

5      The Wayans Defendants contend that Plaintiff's lawsuit was not filed within

6 the time set by law.  If you find that a contract was formed between Plaintiff and the

7 Wayans Defendants for the sale of Plaintiff's manuscript, and that the Wayans

8 Defendants breached that contract, you must determine whether the Wayans

9 Defendants breach occurred before December 17, 2007.

10

11 _____      GIVEN

12 _____      GIVEN AS MODIFIED

13 _____      REFUSED

14 _____      WITHDRAWN

15

16                                                      _____
                                                         Honorable Manuel L. Real
17                                                       District Court Judge

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1  **Authority**:  *1-300 CACI 338*

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 13:
## CONTRACT DAMAGES

If you decide that Plaintiff has proven his claim against the Wayans Defendants for breach of implied contract, you also must decide the fair market value, if any, of the jokes submitted by Plaintiff and used by the Wayans Defendants. This compensation is called "damages." The purpose of such damages is to put Plaintiff in as good a position as he would have been if the Wayans Defendants performed under the implied contract.

To calculate the amount necessary to compensate Plaintiff, Plaintiff must establish the fair market value for the jokes submitted by Plaintiff to the Wayans Defendants. The fair market value of the jokes submitted is the amount a willing buyer would have been reasonably required to pay for the actual use of the jokes.

_____     GIVEN

_____     GIVEN AS MODIFIED

_____     REFUSED

_____     WITHDRAWN

Honorable Manuel L. Real
District Court Judge

31

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1    **Authority**: *Ninth Circuit Model Jury Instructions* Copyright No. 17.23 COPYRIGHT—

2    DAMAGES—ACTUAL DAMAGES (17 U.S.C. § 504(b))

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 14:

## PLAINTIFF MAY NOT RECOVER DUPLICATE CONTRACT AND TORT DAMAGES

Plaintiff has made claims against the Wayans Defendants for breach of contract and copyright infringement. If you decide that Plaintiff has proved both claims, the same damages that resulted from both claims can be awarded only once.

Specifically, If Plaintiff establishes copyright infringement, he can recover his losses, if any, or the Wayans Defendants' profits, but not for the sum of the two amounts. Allowing Plaintiff to recover both would be double counting.

_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN

Honorable Manuel L. Real
District Court Judge

33

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

**Authority**: CACI 361; Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157, 1175-1176 (9th Cir. 1977) (plaintiff not entitled to cumulative recovery of both his losses and defendant's actual profits); Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 931 (7th Cir. 2003).

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**

1  SUBMITTED BY:

2  Dated: July 5, 2011                    FREEDMAN & TAITELMAN, LLP

3
                                         By: ____/s/_____
4                                        September Rea, Esq.
                                          Attorneys for Defendants Keenen Ivory
5                                        Wayans, Shawn Wayans, Marlon Wayans,
                                         Wayans Bros.  Productions, and St. Martin's
6                                        Press, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' SEPARATE PROPOSED JURY INSTRUCTIONS**